United States District Court
District of South Carolina

| | |
|---|---|
| Michael Alonza Rufus, #99284-071; | ) C/A No. 6:05-2876-GRA-WMC |
| Petitioner; | ) |
| vs. | ) **Report and Recommendation** |
| Federal Bureau of Prisons; | ) |
| Respondent. | ) |

The Petitioner, Michael Rufus (hereafter, the "Petitioner"), a federal prisoner proceeding *pro se*, seeks *habeas corpus* relief pursuant to Title 28, United States Code, Section 2241. Under 28 U.S.C.§ 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

### **BACKGROUND**

Petitioner was one of two defendants in *U.S. v. Rufus, et al.*, 3:02-0550-MJP (D.S.C. 2002). He entered guilty pleas to a narcotics conspiracy charge and a firearms charge and was sentenced consecutively to thirty seven (37) months on the cocaine count and sixty (60) months on the firearms count, a total of ninety seven (97) months.

In his original pleading, Petitioner alleged that the Federal Bureau of Prisons (FBOP) had wrongfully denied him a transfer to the Williamsburg Federal Correctional Institution (FCI-Williamsburg) in Salters, South Carolina.[1]  At the time Petitioner

---

[1] – Since commencing this action, Petitioner has filed additional documents alleging denial of due process in a disciplinary proceeding and seeking to recover monetary damages. Such relief is unavailable by means of a petition under 28 U.S.C. § 2241. Docket Entry #5 and #7.

1

commenced this action, he was being held at the United States Penitentiary in Atlanta, Georgia.

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct a party's legal arguments for him or her. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A careful review has been made of the *pro se* petition pursuant to this standard and the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Nasim v. Warden Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

**PETITION MOOT**

Although both state and federal prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The Federal Bureau of Prisons (BOP) and its employees, particularly a warden, have the power to manage and regulate all persons convicted of offenses against the United States. *See* 18 U.S.C. § 4042. Once a person is convicted of a federal crime and is committed to the custody of the Attorney General of the United States, the BOP has the sole authority to determine that person's place of confinement and under what circumstances that person shall be confined. 18 U.S.C. § 3621(b). It is well settled that prisoners, federal or state, who are lawfully incarcerated have no constitutionally protected interest in their custody classifications or places of confinement. *Moody v. Daggett*, 429 U.S. 78 (1976); *Meachum v. Fano*, 427 U.S. 215 (1976); *see also Cochran v. Morris*, 73 F. 3d 1310 (4th Cir. 1996); *Slezak v. Evatt*, 21 F. 3d 590 (4th Cir. 1994); *Gorham v. Hutto*, 667 F. 2d 1146 (4th Cir. 1981); *Cooper v. Riddle*, 540 F. 2d 731 (4th Cir. 1976).

Because Petitioner had neither paid the Five Dollar ($5.00) filing fee for an action seeking *habeas corpus* relief nor filed an application to proceed *in forma pauperis*, the undersigned filed an order directing that this action be brought into proper form by one or the other of these actions. The order directed Petitioner to advise this Court of any address change and also to answer Special Interrogatories. On October 31, 2005, Petitioner paid the filing fee. *See* Receipt # 600002622 (D.S.C. October 31, 2005). He requested additional time to respond to the interrogatories. On January 11, 2006,

Petitioner filed his responses, along with supporting documents, thereby bringing this action into "proper form" for review by the undersigned.

The envelopes used by the Petitioner to file papers in response to the "proper form" order reveal FCI-Williamsburg as his return address. Petitioner has at no time informed this Court that his address had changed. It is clear, however, that Petitioner has received the relief which he sought in this action. Therefore, his petition should be **deemed moot and dismissed**.

## RECOMMENDATION

In light of the foregoing, it is recommended that the within Petition for relief under 28 U.S.C. § 2241 be dismissed without prejudice and without issuance and service of process.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

January 17, 2006
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
